## J. and R. JORDAN v. WILLIAM R. THOMAS et al.

1. DETINUE: RIGHT OF PLAINTIFF TO A DELIVERY OF THE SPECIFIC PROPERTY RECOVERED.—The defendant in an action of detinue, against whom a judgment has been rendered for the recovery of the property, if to be had, and if not, for its value, has no right, against the plaintiff's consent, to pay the value assessed and retain the property.

2. CHANCERY: NEW TRIAL.—A court of equity will not grant a new trial at law, to enable the complainant to avail himself of a claim or defence which was within his knowledge at the time the trial was had.

3. HUSBAND AND WIFE: RIGHTS OF PURCHASER FROM THEM OF WIFE'S TRUST ESTATE.—The purchaser from the husband and wife of a slave held by a trustee, and which, by the terms of the trust, was to remain under his control for the benefit of the wife, is not entitled to an injunction against the execution of a judgment in detinue, in favor of the trustee for the recovery of the slave. Nor is he entitled to be subrogated to the usufructuary interest of the wife in the judgment.

APPEAL from the Chancery Court of Leake county. Hon. E. G. Henry, judge.

It appears from the bill that negroes were given by will to W. R. Thomas, in trust for Mrs. Newsom, and that the trustee delivered the property to the *cestui que trust,* who, with her husband, had possession of the property in this State for several years; and while Mrs. Newsom had possession and control of this property, she, jointly with her husband, sold it to complainants in the manner prescribed by statute for the sale of the separate property of

married women. The bill avers that complainants were purchasers in good faith, and supposed that they acquired a perfect legal title to said property by the purchase, but that a suit was brought by Wm. R. Thomas for the recovery at law of said negroes, and that in the action at law the said Thomas had recovered a verdict and judgment for said negroes. The bill avers that only the naked legal title of said property was in said W. R. Thomas, by virtue of said will, and that only the legal title was put in issue in said suit at law, and that said recovery will inure to the benefit of Mrs. Newsom as *cestui que trust*. The bill shows that complainants, by their purchase from Mrs. Newsom and husband, acquired her rights in the property, and prays injunction of the judgment at law, and subrogation to the rights of Mrs. Newsom in the property, and also for permission to pay the value assessed instead of surrendering the slaves.

The clause of the will under which W. R. Thomas, the trustee, claimed title, is as follows: "I request that the whole of the property be kept together. As my children settle to themselves, or marry, the whole shall be valued, and they shall receive their equal part, except Elizabeth Newsom, whose part shall be left in the hands of her brother, William R. Thomas, to be appropriated to the use of her and heirs of her body. If she should die, and all the heirs of her natural body before they arrive at the age of twenty-one years, then her part to return to my other children."

The bill was filed against Newsom and wife, and Thomas, the trustee. Thomas demurred to the bill, and his demurrer was sustained, and complainants appealed.

*J. A. P. Campbell*, for appellants.

There can be no question but that the Jordans, by their purchase from Mrs. Newsom and husband, acquired whatever right she had to the property. *Trusts* are alienable by proper conveyance of the *cestui que trust*. They may even be disposed of *in invitum* by operation of law. 2 Story Eq. § 974 a.

It will not be denied that Mrs. Newsom could apply to a court of equity to compel Thomas to execute the trust for her benefit. The Jordans, having purchased her rights, stand in her place, and are substituted to her remedies.

It is contended by counsel for appellee that the matters in the bill were *res adjudicata* in the suit at law.

Such is not true. The suit at law merely put in issue the legal title as between Thomas and the Jordans. It did not, could not, embrace the matters contained in the bill. It determined simply that the legal title was in Thomas. Opinion Book G, 286.

The bill admits the legal title to be in Thomas in his character of trustee, and shows him to hold it subject to the equitable ownership of Mrs. Newsom, which complainants have acquired. In other words, the bill shows Thomas to hold the legal title, subject to the equitable ownership of complainants. The cause of action is not the same in this suit as in the action at law. The issue is not the same. The same evidence is not applicable. The rights which the bill seeks to establish, could not be taken cognizance of by the court of law. *Gates* v. *Goreham*, 5 Verm. 317; 4 Gill. & Johns. 345; 17 Mass. 237.

It is unquestionably true, that courts of equity recognize rights and administer remedies unknown to courts of law; that the legal estate may be in one, and the equitable in another; and that it is through courts of equity alone, that the latter can be enforced.

It is true that, by the former suit, the title of the property was found to be in Thomas, but it is equally true, that by the showing of the bill, Thomas must hold subject to the rights of Mrs. Newsom, which complainants have acquired. It cannot be pretended that this question arose, or could arise, in the suit at law.

Thomas was a *necessary party to the bill*. It was *through him that complainants were entitled to enforce their rights*. The effect of sustaining the demurrer, was to debar complainants from an enforcement of their rights as against Mrs. Newsom and her husband, as against whom the rights of complainants are incontrovertibly clear. The bill shows that Mrs. Newsom and husband are insolvent, and that Thomas is a non-resident. The answer of Newsom and wife, which appears in the record, is not properly there, and, of course, cannot be considered on demurrer. *This is a proceeding against Newsom and wife, through Thomas, who is a necessary party*. The judgment should be reversed.

*H. A. H. Lawson*, for appellee.

From an examination of the bill, it seems that the causes of complaint are, 1st. That Wm. R. Thomas, who is alleged to hold only a *naked legal estate in the slaves for Elizabeth Newsom*, should have sued for, and recovered the slaves; and 2d. After the judgment, he refused to take the alternate value from complainants.

1st. Let the statements of the bill be true, that Wm. R. Thomas held only the naked legal estate, of the assets allotted to the said Elizabeth, in her father's estate, then the demurrer should have been sustained, because complainants had a full and complete remedy or defence at law. Because they failed to make the defence, or because it was unsuccessfully made, in the suit at law, that does not authorize a court of chancery to take jurisdiction, and grant relief against a judgment, which, if the suit had been properly attended to, would never have been rendered.

The bill shows complainants to be in possession of the slaves. They say that Thomas has nothing but the *naked legal title* to the slaves, Newsom's wife being the *cestui que trust*, that Newsom and wife sold the slaves to them. Upon this showing, they had a good defence at law. The trustee of a naked title cannot enforce it, against the *cestui que trust*, and recover possession from him. *Brown* v. *Doe, on demise of Weast*, 7 Howard, 184; *Coulter* v. *Robertson*, 24 Miss. R. 341; 6 Peters, 441, 2, 3.

2d. Again, the bill shows that the identical rights, now set up, were the matters in issue between the parties in the suit at law. Wm. R. Thomas's title, under the will of Jesse Thomas, complainants say, was the foundation of his judgment.

Their defence was, they had purchased the slaves of Newsom and wife. The only distinction, if any, is this: in the present controversy they say Thomas had only the *naked legal title*, which succeeded at law, but ought not to be permitted to stand against their equity. But if this statement of the bill be true, their equity constituted a full defence at law, according to the foregoing decisions. They do not even ask to be substituted to the rights of Newsom and wife against the trustee; do not state that the negroes ever belonged to Jesse Thomas, the testator; and, in short, state no equity whatever as against Wm. R. Thomas.

As to the right of complainants to pay the alternate value of

the slaves, we think no such right exists. They cannot elect; they do not, in the bill, offer to pay.

The ownership of property, when sued for, is not changed, by judgment, until actual satisfaction. 2 Kent's Com. last edition, 388, 9, note.

The suit at law was an adjudication of the right to the possession of, as well as title to the slaves. If a bill be filed to foreclose a mortgage, and is dismissed upon its merits, it bars a suit at law to recover the legal title. *Mitchel* v. *Hodge*, 27 Miss. R. 566.

FISHER, J., delivered the opinion of the court.

This was a bill filed by the appellants in the Chancery Court of Leake county, to enjoin a judgment recovered in an action of detinue, commenced and prosecuted in the Circuit Court of said county. The bill alleges that an execution has been issued on said judgment, and placed in the hands of the sheriff of said county; that, unless restrained, he will seize, in virtue of said execution, the slaves recovered in said action, and deliver them to the plaintiff; that the complainants are advised that they have the right to retain said slaves on paying their value, as assessed by the jury, which, they aver, they are ready and willing to do. The mere statement of the facts would appear to be sufficient to suggest the rule which must govern this branch of the case. The very object in resorting to the action of detinue was to recover the specific property, if to be had; and the judgment, conforming to the action, a court of equity, if it were to lend its aid at all in such a case, would do so for the purpose of enforcing, instead of defeating, the judgment. There is, therefore, not even a pretext for invoking the aid of a court of equity, so far as this point is concerned.

It is next alleged that the judgment was obtained by fraud. The facts relating to this branch of the case are as follows: Newsom and wife sold the slaves in controversy to the complainants, and, about ten days thereafter, the action of detinue was commenced in the name of Thomas, who held the legal title to the slaves in trust for Mrs. Newsom. It is averred that, as Thomas was then in the State of Georgia, from the short time which elapsed between the sale and the commencement of the suit, it was commenced without his consent. Other facts are also averred in this connection, but,

if true, the complainants must have known them in time to have availed themselves of them at law, if, indeed, such facts amounted to a defence.

Under the terms and nature of the trust, the slaves were to remain under the control of Thomas, for the benefit of Mrs. Newsom, and, under this view, the rights of the parties were settled at law. ·

Decree of the chancellor, sustaining the defendants' demurrer to the bill, is affirmed.